IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN J. HAYS                                                                                         PLAINTIFF

       v.                    Civil No. 06-5136

THE COUNTY OF HUMBOLDT,
CALIFORNIA, Superior Court, Eureka
Division; JUDGE TIMOTHY
P. CISSNA; and PAUL GALLEGOS,
District Attorney, County of Humboldt,
California                                                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Steven J. Hays proceeds pro se and in forma pauperis in this action. The complaint is before the undersigned for a determination of whether service of process should issue.

### BACKGROUND

According to the complaint, in June of 2000 Hays was traveling from Arkansas to California at the request of his employer, Larry Daggs. Hays alleges Daggs negligently left his gun in the vehicle Hays was driving.

At some point, Hays picked up a hitchhiker. When they got to the hitchhiker's destination, Hays alleges the hitchhiker insisted on giving Hays a two-foot tall marijuana plant. A couple of hours later, Hays states he came to a rest area along the road and pulled over and went to sleep.

Hays was awaken by police officers. The officers confiscated the marijuana plant and the gun. Hays was given a ticket. Hays asserts this was on June 25, 2000.

-1-

AO72A
(Rev. 8/82)

Hays states he then returned to Arkansas at the request of Daggs. As he came under the auspices of the Interstate Commerce Commission and the United States Department of Transportation, Hays alleges he was bound by federal law to do what Daggs told him to.

On September 14, 2000, Hays alleges he called the prosecutors' office in Humboldt County and asked if they would buy him a bus ticket so that he could return to California. Hays indicates they refused. Because he was indigent, Hays states he had no ability to return to California. Hays indicates he then attempted to get the ticket resolved in United States District Court here in Arkansas and the case was dismissed as frivolous.

On August 26, 2005, Hays alleges he was arrested by the United States Marshal Service on the California citation that had been issued in June of 2000. Hays waived extradition and pled nolo contendere. Hays alleges he got out of jail on January 23, 2006.

Hays asserts he is appealing the wrongful conviction in California to this court. He indicates he must appeal to this court because Judge Timothy P. Cissna would not let him talk.

Hays maintains he is innocent of the charge and the misdemeanor conviction he received. Hays further indicates he was not told he had a right to appeal the conviction and his public defender was incompetent in a number of ways and refused to assist him with an appeal.

Hays alleges the State of California refuses to allow him to appeal the conviction. Hays maintains his rights were severely prejudiced by the delay in prosecution. After issuance of the citation, he maintains the prosecution did nothing in the case for five years and two months. Hays points out his permanent address was on the ticket and it would have been easy from California authorities to contact him.

AO72A
(Rev. 8/82)

He names as defendants in this case the County of Humboldt, California, Superior Court, Eureka Division, Judge Timothy P. Cissna, and Paul Gallegos, the district attorney for the County of Humboldt, California. As relief, Hays asks for an award of compensatory and punitive damages.

**DISCUSSION**

On the cover sheet Hays submitted with his complaint, he indicated he was filing a motion to vacate his sentence. In the area in which he was to write a brief description of the cause of action, he wrote: "appeal."

To the extent, Hays is seeking to bring a collateral attack on his conviction by means of the habeas corpus statutes his claim fails. A motion to vacate or set aside a sentence under 28 U.S.C. § 2241 cannot be filed by a petitioner to collaterally attack a state court sentence that has been fully served. *See e.g., Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004), *cert. denied*, ___ U.S. ___, 125 S. Ct. 809, 160 L. Ed. 2d 597 (2004). Similarly, a petitioner is not "in custody" under a conviction for the purpose of bringing a habeas petition under 28 U.S.C. § 2254 when the sentence imposed for that conviction has fully expired. *Maleng v. Cook*, 490 U.S. 488, 490-91, 104 L. Ed. 2d 540 (1989).

To the extent Hays is seeking to "appeal" the judgment of the Humboldt County Superior Court, this court lacks jurisdiction to review that decision. "[T]he *Rooker-Feldman* doctrine holds that 'federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature.'" *Ace Const. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001)(*citing, District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S. Ct. 149,

AO72A
(Rev. 8/82)

68 L. Ed. 362 (1923); *Lemonds v. St. Louis County,* 222 F.3d 488, 492 (8th Cir. 2000), *cert. denied*, 531 U.S. 1183, 121 S. Ct. 1168, 148 L. Ed. 2d 1026 (2001)). "If the federal court can only provide relief by determining that the state court was wrong, it is, in effect, an appeal of the state court judgment which is prohibited." *Ace Const.*, 263 F.3d at 833 (citations omitted).

Here, Hays is asking us to set aside his conviction. Thus, "the requested federal relief would void the state court's judgment or amount to basically a reversal of the state court's holding." *Ace Const.*, 263 F.3d at 833. The *Rooker-Feldman* doctrine precludes us from taking this action.

To the extent Hays' complaint can be read to be asserting a claim under 42 U.S.C. § 1983, the complaint is also subject to dismissal for a number of reasons. First, the County of Humboldt, Superior Court, Eureka Division, is not subject to suit under § 1983 but instead is an arm of the state entitled to Eleventh Amendment immunity. *Mildfelt v. Circuit Court of Jackson County*, 827 F.2d 343, 345 (8th Cir. 1987). *See also Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987).

Second, Judge Cissna is immune from suit. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)); *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985)(judicial officers absolutely immune from *Bivens*-type claim). "This immunity applies even when the judge's acts are in

-4-

error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (*citing Stump*, 435 U.S. at 356, 98 S. Ct. 1099).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Hays does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either

AO72A
(Rev. 8/82)

of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Hays seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted).

Third, Hays' complaint as against District Attorney Paul Gallegos is subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v.*

AO72A
(Rev. 8/82)

*City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Hays' complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Hays can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

## CONCLUSION

Accordingly, I recommend that this case be dismissed on the grounds that the claims are frivolous and fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Hays has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hays is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of August 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)